UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse  40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

**Docket Number(s):** 25-977

**Caption [use short title]**

**Motion for:** Removal of the appeal from the expedited appeals calendar or, in the alternative, to extend the time to file the opening brief

Association of Contracting Plumbers of the City of New York, Inc., et al.,
   Plaintiffs-Appellants,

v.

City of New York,
   Defendant-Appellee.

**Set forth below precise, complete statement of relief sought:**

Plaintiffs-Appellants request that the Court remove this appeal from the expedited calendar and set a July 31, 2025 deadline for the opening brief under L.R. 31.2(a)(1)(A). In the alternative, Plaintiffs-Appellants request an extension of the time to file the opening brief until July 31, 2025.

**MOVING PARTY:** All Plaintiffs-Appellants  
**OPPOSING PARTY:** City of New York, Defendant-Appellee

[X] Plaintiff    [ ] Defendant  
[X] Appellant/Petitioner    [ ] Appellee/Respondent

**MOVING ATTORNEY:** Sarah O. Jorgensen  
**OPPOSING ATTORNEY:**

[name of attorney, with firm, address, phone number and e-mail]

Reichman Jorgensen Lehman & Feldberg LLP  
1201 W. Peachtree St., Suite 2300, Atlanta, GA 30309  
(650) 623-1401 | sjorgensen@reichmanjorgensen.com

**Court- Judge/ Agency appealed from:** U.S. District Court for the Southern District of New York (Abrams, J.)

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):  
[X] Yes    [ ] No (explain):

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:**
Has this request for relief been made below? [ ] Yes [ ] No  
Has this relief been previously sought in this court? [ ] Yes [ ] No

Requested return date and explanation of emergency:

Opposing counsel's position on motion:  
[X] Unopposed [ ] Opposed [ ] Don't Know  
Does opposing counsel intend to file a response:  
[ ] Yes [✓] No [ ] Don't Know

Is the oral argument on motion requested? [ ] Yes [X] No (requests for oral argument will not necessarily be granted)

Has the appeal argument date been set? [ ] Yes [X] No If yes, enter date:

**Signature of Moving Attorney:**
_Sarah O. Jorgensen_ **Date:** May 2, 2025 **Service:** [X] Electronic [ ] Other [Attach proof of service]

Form T-1080 (rev. 10-23)

# No. 25-977

**IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

ASSOCIATION OF CONTRACTING PLUMBERS
OF THE CITY OF NEW YORK, INC., et al.,

*Plaintiffs–Appellants,*

v.

CITY OF NEW YORK,

*Defendant–Appellee.*

Appeal from the United States District Court
for the Southern District of New York
No. 1:23-cv-11292
Hon. Ronnie Abrams, District Judge

**APPELLANTS' UNOPPOSED MOTION TO REMOVE THE
APPEAL FROM THE EXPEDITED APPEALS CALENDAR OR,
IN THE ALTERNATIVE, TO EXTEND THE TIME TO FILE THE
OPENING BRIEF**

| | |
|---|---|
| Brian C. Baran | Sarah O. Jorgensen |
| REICHMAN JORGENSEN | REICHMAN JORGENSEN |
|   LEHMAN & FELDBERG LLP |   LEHMAN & FELDBERG LLP |
| 1909 K St. NW, Suite 800 | 1201 W. Peachtree St., Suite 2300 |
| Washington, DC 20006 | Atlanta, GA 30309 |
| (202) 894-7310 | (650) 623-1401 |
| bbaran@reichmanjorgensen.com | sjorgensen@reichmanjorgensen.com |

*Counsel for Plaintiffs–Appellants*

# RULE 26.1 DISCLOSURE STATEMENT

Under Appellate Rule 26.1(a), Plaintiffs–Appellants state as follows:

Association of Contracting Plumbers of the City of New York, Inc. is a nonprofit trade association organized under the laws of New York. It does not have a parent corporation, and no publicly held corporation owns 10 percent or more of its stock, as it does not issue stock.

The Plumbing-Heating-Cooling Contractors—National Association is a nonprofit 501(c)(6) trade association organized under the laws of Delaware. It does not have a parent corporation, and no publicly held corporation owns 10 percent or more of its stock, as it does not issue stock.

Plumbers Local Union No. 1, United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada is a labor union. It does not have a parent corporation, and no publicly held corporation owns a 10 percent or greater interest in it.

New York State Energy Coalition, Inc. is a nonprofit 501(c)(6) trade association organized under the laws of New York. It does not have a parent corporation, and no publicly held corporation owns 10 percent or more of its stock, as it does not issue stock.

The Plumbing Foundation City of New York, Inc. is a nonprofit 501(c)(6) trade association organized under the laws of New York. It does not have a parent corporation, and no publicly held corporation owns 10 percent or more of its stock, as it does not issue stock.

Licensed Plumbing Association of New York City, Inc., d/b/a Master Plumbers Council of the City of New York, is a nonprofit corporation organized under the laws of New York. It does not have a parent corporation, and no publicly held corporation owns 10 percent or more of its stock, as it does not issue stock.

Building Industry Association of New York City, Inc. is a nonprofit corporation organized under the laws of New York. It does not have a parent corporation, and no publicly held corporation owns 10 percent or more of its stock, as it does not issue stock.

### APPELLANTS' UNOPPOSED MOTION TO REMOVE THE APPEAL FROM THE EXPEDITED APPEALS CALENDAR OR, IN THE ALTERNATIVE, TO EXTEND THE TIME TO FILE THE OPENING BRIEF

Plaintiffs–Appellants move under Federal Rule of Appellate Procedure 27 and Local Rule 31.2(b)(2) to remove this appeal from the expedited calendar and set Plaintiffs' requested July 31, 2025 deadline for the opening brief under Local Rule 31.2(a)(1)(A). In the alternative, Plaintiffs move under Federal Rules of Appellate Procedure 26(b) and 27 and under Local Rule 27.1(f) for an extension of time to file the opening brief until July 31, 2025. Counsel for Defendant-Appellee City of New York informed counsel for Plaintiffs that the City consents to this motion and does not intend to file a response.

**1.** There is good cause to remove this case from the expedited appeals calendar. L.R. 31.2(b)(2).

**a.** Although the district court resolved this matter on a Civil Rule 12(b)(6) motion, its decision fully adjudicated the merits of Plaintiffs' federal preemption claim, which all parties agreed presents a purely legal question. D.Ct.Dkt.51. The City's Local Law 154 prohibits combustion emissions in most new buildings, effectively preventing the use of gas and heating oil appliances. N.Y.C. Local Law No. 154 (2021) (codified at N.Y.C. Admin. Code §§24-117.1, 28-506.1). Plaintiffs argued that Local Law 154 is preempted by the federal Energy Policy and Conservation Act ("EPCA"), 42 U.S.C. §§6201-6422, because it concerns

1

the energy use of covered appliances. The City moved to dismiss, arguing that EPCA does not preempt its law. D.Ct.Dkt.51 at 3-4. The district court sided with the City on the merits and therefore dismissed Plaintiffs' complaint with prejudice. *Id.* at 6, 16.

As a result, this appeal presents a complex legal question that has already been fully litigated below: Is a local regulation that prohibits EPCA-covered gas or fuel oil appliances from consuming any energy a preempted "regulation concerning … the energy use" of those products, 42 U.S.C. §6297(c), as the Ninth Circuit held in *California Restaurant Ass'n v. City of Berkeley*, 89 F.4th 1094 (9th Cir. 2024)? That question would benefit from the more thorough briefing and consideration that the regular calendar enables. That is all the more so because the question is one of first impression in this Circuit—and the only sister circuit to have addressed it agreed with Plaintiffs' position. This Court will therefore need to decide whether to create a circuit split. *See* D.Ct.Dkt.51 at 9 (expressly "declin[ing] to adopt" the Ninth Circuit's view). Moreover, the regular calendar would better facilitate the amicus participation this case is likely to attract—and already attracted below. D.Ct.Dkt.51 at 4 (noting two amicus briefs); *see Cal. Rest.*, 89 F.4th at 1096-98 (listing amici).

What's more, this case is far afield from those for which this Court created the expedited calendar. As Judge Newman explained, the expedited calendar was meant "to speed the disposition of appeals from

2

threshold dismissals by district courts in the aftermath of the Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly*, [550 U.S. 544 (2007),] and *Ashcroft v. Iqbal*, [556 U.S. 662 (2009)]." Jon O. Newman, Report, *The Second Circuit's Expedited Appeals Calendar for Threshold Dismissals*, 80 Brook. L. Rev. 429, 429 (2015). The worry was "that district courts might overreact to the new pleading standard," warranting "expedited treatment to some categories of threshold dismissals so that complaints deemed to have been improperly dismissed could be quickly returned to a district court." *Id.* at 429-30. This case presents no such concern; the district court relied not on the *Twombly*/*Iqbal* standard or any assessment of the Plaintiffs' factual allegations, but on its adjudication of the merits of the complex legal issue presented. This appeal is about statutory interpretation, not threshold pleading standards.

**b.** Plaintiffs' counsels' competing professional and personal commitments further support proceeding on the regular calendar.

Between the time of the district court's March 18, 2025 judgment and the requested July 31, 2025 deadline for the opening brief, counsel have had and continue to have several other professional commitments overlapping with this appeal. Those include the response brief in *Kove IO, Inc. v. Amazon Web. Servs., Inc.*, No. 24-2350 (Fed. Cir.) (filed April 1); a motion for leave to appeal in *Imperium Blue Acquisition Partners v. Marathon Asset Mgmt., L.P.*, Index No. 650497/24 (N.Y.)

3

(filed April 10); a motion for summary judgment in *Rinnai Am. Corp. v. S. Coast Air Quality Mgmt. Dist.*, No. 2:24-cv-10482 PA(PDx) (C.D. Cal.) (filed April 14), followed by the reply and response to any cross-motion (due June 2) and oral argument (scheduled for July 14); the reply briefs in *VideoLabs, Inc. v. Netflix, Inc.*, No. 25-1131 (Fed. Cir.), and *VL Collective IP, LLC v. Netflix, Inc.*, No. 25-1132 (Fed. Cir.) (both due June 6); the opening brief in *VL Collective IP, LLC v. Netflix, Inc.*, No. 25-1525 (Fed. Cir.) (due June 20); the opening briefs in *VL Collective IP, LLC v. Meta Platforms, Inc.*, No. 25-1414 (Fed. Cir.), and *VL Collective IP, LLC v. Meta Platforms, Inc.*, Nos. 25-1415 & 25-1454 (Fed. Cir.) (both due July 15); and dispositive motions briefing in *10x Inc. v. Bruker Spatial Biology, Inc.*, No. 22-261-MFK (D. Del.) (opening briefs May 30, response briefs June 13, and reply briefs June 20).

Moreover, an attorney with substantial responsibility both for this appeal and most of the competing matters (including, in many cases, primary drafting responsibility) will be on a long-planned vacation abroad from May 2 through June 1.

Together, these competing professional and personal commitments support returning this matter to the regular calendar and setting Plaintiffs' requested July 31 deadline, which is within 91 days of the ready date and would thus ordinarily be available without any special justification. L.R. 31.2(a)(1)(A).

**2.** In the alternative, the same reasons provide good cause for an extension until July 31, 2025, the date Plaintiffs requested for their opening brief under Local Rule 31.2(a)(1)(A), *see* Dkt.17.1. Aside from invoking the Local Rule 31.2(a)(1)(A) process to request that deadline in the ordinary course, Plaintiffs have not made any prior request for similar relief. *See* L.R. 27.1(f)(2). Plaintiffs are moving for an extension as soon as practicable after the Court's order placing this case on the expedited calendar and thus accelerating the deadline. *See* L.R. 27.1(f)(3).

## CONCLUSION

For these reasons, the Court should remove this appeal from the expedited calendar and set a July 31, 2025 deadline for the opening brief under Local Rule 31.2(a)(1)(A). In the alternative, the Court should extend the time to file the opening brief until July 31, 2025.

Respectfully submitted,

*/s/ Sarah O. Jorgensen*

Brian C. Baran
REICHMAN JORGENSEN
  LEHMAN & FELDBERG LLP
1909 K Street NW, Suite 800
Washington, DC 20006
(202) 894-7310
bbaran@reichmanjorgensen.com

Sarah O. Jorgensen
REICHMAN JORGENSEN
  LEHMAN & FELDBERG LLP
1201 W. Peachtree St., Suite 2300
Atlanta, GA 30309
(404) 609-1040
sjorgensen@reichmanjorgensen.com

*Counsel for Plaintiffs–Appellants*

May 2, 2025

## CERTIFICATE OF COMPLIANCE

This motion complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Second Circuit Local Rules because it has been prepared using a proportionally spaced typeface and includes 1084 words.

Dated: May 2, 2025 */s/ Sarah O. Jorgensen*
Sarah O. Jorgensen

## DECLARATION OF SARAH O. JORGENSEN

I, Sarah O. Jorgensen, declare as follows:

1. I am an attorney licensed to practice law in Georgia and the District of Columbia and admitted to practice before this Court. I represent Plaintiffs–Appellants in this appeal. I make this declaration in support of Appellants' unopposed motion to remove the appeal from the expedited appeals calendar or, in the alternative, to extend the time to file the opening brief.

2. All the facts set out in the motion are true and correct to the best of my knowledge and are based on my personal knowledge.

I declare under penalty of perjury under 28 U.S.C. §1746 that the foregoing is true and correct.

Executed: May 2, 2025    */s/ Sarah O. Jorgensen*
    Sarah O. Jorgensen